UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN LENEAR CAMP,<br><br>    Petitioner,<br><br>vs.<br><br>D. NEVEN, et al.,<br><br>    Respondents. | Case No. 2:09-CV-01117-GMN-(RJJ)<br><br>**ORDER** |

    Before the court are the second amended petition for writ of habeas corpus (#17), respondents' motion to dismiss (#40), petitioner's opposition (#43), and respondents' reply (#44). The court finds that the petition is timely and that petitioner has exhausted his available state-court remedies for the grounds in issue. The court denies the motion (#40).

    After a jury trial in the Eighth Judicial District Court of the State of Nevada, petitioner was convicted of murder by child abuse. Ex. 63 (#23). Petitioner appealed, and the Nevada Supreme Court affirmed on May 14, 2002. Ex. 81 (#23). Petitioner petitioned the panel of that court for rehearing, and the petition was denied on July 10, 2002. Ex. 82, 83 (#23). Petitioner then petitioned the Nevada Supreme Court for en banc reconsideration, and that petition was denied on October 31, 2002. Ex. 84, 87 (#23).

    Petitioner then pursued post-conviction remedies in the Eighth Judicial District Court. He filed a habeas corpus petition on November 3, 2003. Ex. 90 (#24). On December 22, 2003, he filed an amended petition that was identical to the original petition but with exhibits attached. Ex. 92 (#24). The state district court granted the petition in part. Ex. 155 (#30). Both parties appealed.

On March 27, 2009, the Nevada Supreme Court reversed the partial granting of the petition and affirmed the denial of the rest of the petition. Ex. 198 (#31). Petitioner petitioned for rehearing, and the Nevada Supreme Court denied the petition on May 13, 2009. Ex. 203 (#32). Remittitur issued on June 9, 2009. Ex. 204 (#32).

Petitioner then commenced this action on June 22, 2009. The court directed petitioner to file an amended petition because his original petition (#1) contained no grounds for relief. Order (#4). Petitioner filed an amended petition (#6) on August 13, 2009. The court appointed the Federal Public Defender to represent petitioner, and petitioner then filed the second amended petition (#17) on September 27, 2010. The court dismissed ground 9 and directed respondents to respond to the rest of the petition. Order (#36).

Respondents first argue that this action is untimely. Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 129 S. Ct. 681, 685 (2009). See also Sup. Ct. R. 13(1).

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

///

Sup. Ct. R. 13(3) (emphasis added). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

The key dispute between the parties is when the period of limitation commenced after the conclusion of direct review of petitioner's judgment of conviction. The parties agree that the petition for panel rehearing and its denial would affect the commencement of the time to petition the Supreme Court of the United States for a writ of certiorari. See Sup. Ct. R. 13(3); see also Ex. 82, 83 (#23). By implication, the commencement of the period of limitation in 28 U.S.C. § 2244(d) also would be affected. Jimenez, 129 S. Ct. at 685. The parties disagree over the effect of the petition for en banc reconsideration by the Nevada Supreme Court and its denial. See Ex. 84, 87 (#23). Respondents argue that the petition for en banc reconsideration did not affect the commencement of time to petition for a writ of certiorari. However, other than an inapposite citation to Jimenez, they provide no authority that supports their position. In the Nevada Supreme Court, the correct procedure for seeking rehearing is first to ask the panel for rehearing and then, if the panel denies rehearing, to ask the full court for en banc reconsideration. Nev. R. App. P. 40, 40A.[1] Petitioner followed that procedure, and his petitions were timely. This court sees no reason why Supreme Court Rule 13(3) would not give a timely petition for en banc reconsideration the same respect that it gives a timely petition for rehearing. Consequently, the time to petition the Supreme Court of the United States for a writ of certiorari commenced after the Nevada Supreme Court denied petitioner's petition for en banc reconsideration on October 31, 2002, and the judgment of conviction became final on January 29, 2003.

The petition is timely. Between January 29, 2003, and November 3, 2003, when petitioner filed his state habeas corpus petition, two hundred seventy-eight (278) days passed. Those

---

[1] In contrast, in federal courts of appeal the correct procedure is to ask for panel rehearing and en banc rehearing at the same time. Fed. R. App. P. 35, 40.

-3-

proceedings concluded with the issuance of the remittitur on June 9, 2009. Another thirteen (13) days passed before petitioner filed his original petition (#1) in this court on June 22, 2009.[2] A total of two hundred ninety-one (291) days passed, and that is well within the one-year period of limitation of § 2244(d)(1).

Respondents next argue that petitioner has not exhausted his available state-court remedies for several grounds. Respondents admit that grounds 2(B)(6) and 2(B)(8) are exhausted, and they continue to assert that grounds 2(B)(2), 6(A), and 11 are unexhausted. Reply, p. 5 (#44).

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Ground 2(B)(6) is a claim of ineffective assistance of counsel. Petitioner alleges that if his trial counsel had obtained all relevant medical records of the child he was accused of killing by child

---

[2] Respondents use this date in their calculations. Motion, p. 7 (#40). The second amended petition (#17), filed on September 27, 2010, is the operative petition. For purposes of timeliness, it can relate back to the original petition (#1) pursuant to Rule 15(c) of the Federal Rules of Civil Procedure "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." Mayle v. Felix, 545 U.S. 644, 664 (2005). Respondents apparently assume that the second amended petition (#17) relates back to the original petition (#1) even though the original petition (#1) contained no grounds for relief. See Order (#4).

abuse, and if trial counsel had provided those records to petitioner's expert witness, then the expert witness would have been able to challenge the prosecution's claim of when the child died. In his amended state habeas corpus petition, petitioner did not discuss what the expert witness would have done with those medical records. However, petitioner did claim that counsel was not prepared for trial and that counsel admitted as much in a hearing before the start of jury selection; petitioner cited to the transcript of that hearing. Ex. 92, p. 8 (#24). In that hearing, counsel stated that both he and the expert witness did not have all of the relevant medical records of the child, and that the expert's conclusions would be confirmed or denied if she could possess those records. Ex. 34, pp. 3-4 (#19). The state district court determined that counsel had failed to file timely discovery motions to obtain the child's medical records. Ex. 155, p. 5 (#30). In the appeal, arguing in support of the state district court's decision, petitioner noted that counsel had not obtained all of the relevant medical records of the child. Ex. 190, pp. 34, 38 (#31). The Nevada Supreme Court held that counsel was not ineffective for failing to file discovery motions, because counsel discovered only right before the start of trial that the medical records existed. Ex. 198, pp. 7-8 (#31).

The only additional fact not presented to the Nevada Supreme Court was what counsel would have done with those records: Counsel would have given them to petitioner's expert witness so that she could confirm or discard her conclusions about the death of the child. "[N]ew factual allegations do not render a claim unexhausted unless they 'fundamentally alter the legal claim already considered by the state courts.'" Chacon v. Wood, 36 F.3d 1459, 1468 (quoting Vasquez v. Hillery, 474 U.S. 254, 260 (1986)). The operative facts of this claim were counsel's failure to obtain the medical records of the child, and those facts were before the state courts. The additional elaboration of what counsel would have done with those records does not alter the claim. Ground 2(B)(2) is exhausted.

Ground 6(A) is a claim of ineffective assistance of retained pre-trial counsel James Buchanan. Buchanan withdrew after the preliminary hearing, and the Clark County Public Defender then represented petitioner. The Clark County Public Defender then withdrew after it was discovered that the office also represented the mother of the deceased child. That conflict of interest is the topic of ground 6(B), and respondents do not argue that petitioner failed to exhaust his

-5-

available state-court remedies for ground 6(B).  With respect to ground 6(A), petitioner claims that Buchanan:  (1) failed to seek prompt drug testing for both petitioner and Brook Lain, the mother of the deceased child, to show who was under the influence of methamphetamine at the time; (2) failed to attempt to prevent the cremation of the deceased child until a defense expert could examine the body; (3) after his withdrawal and the filing of a complaint with the State Bar of Nevada by petitioner's parents, disclosed confidential communications and allowed a doctor he had retained to write a letter to the bar.

Petitioner raised ground 6(A) in state ground 2.  Ex. 92, pp. 11-12 (#24).  In its minute order, the state district court did not address Buchanan's performance.  Ex. 139 (#29).  In its formal order, the state district court denied ground 2 summarily.  Ex. 155, p. 8 (#30).  In the opening brief section of his appeal brief, petitioner incorporated by reference every claim that the state district court denied.  Ex. 190, p. 49  (#31).  The Nevada Supreme Court said that it would "address each remaining claim that was denied by the district court below."[3]  Ex. 198. p. 10 (#31).  The Nevada Supreme Court then addressed all the claims in Ground 6(A).  Id., pp. 13-15.  Ground 6(A) is exhausted.

Ground 11 is a claim that petitioner's constitutional rights to a fair trial and to due process of law were violated by the admission of evidence of his prior bad acts.  On direct appeal, petitioner argued that the admission of prior-bad-act evidence violated state law.  Ex. 74, pp. 28-29 (#23).  However, in his state habeas corpus petition, petitioner argued that the admission of prior-bad-act evidence also violated the federal constitution.  Ex. 92, p. 15 (#24).  As with ground 6(A), petitioner raised this ground on appeal by incorporating his petition by reference.  Ex. 190, p. 49 (#31).  The Nevada Supreme Court noted that petitioner had raised this claim in his petition.  Ex. 198, p. 15 n.4 (referring to claim 3) (#31).  It also noted that petitioner had raised the claim on direct appeal, and

---

[3]"Parties shall not incorporate by reference briefs or memoranda of law submitted to the district court or refer the Supreme Court to such briefs or memoranda for the arguments on the merits of the appeal."  Nev. R. App. P. 28(e)(2).  Apparently, the Nevada Supreme Court waived this requirement for petitioner.

subsequent litigation is barred by the law of the case. Id., p. 15 & n.5. The Nevada Supreme Court's order shows that it recognized that petitioner raised the issue. Ground 11 is exhausted.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#40) is **DENIED**.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED this 18th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge